UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT JONES, et al.,** | ) |
| Plaintiffs, | ) ) ) |
| vs. | Civil Action Number ) **2:19-cv-01047-AKK** ) |
| **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, et al.,** | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This action arises from a suit Robert Jones, Angelo Webster, Clarence Oates, and David Cross commenced in Alabama state court against Cliffs Mining Services Company, Oak Grove Resources, LLC and Seneca North American Coal, LLC[1] after the plaintiffs suffered injuries while working in a mine operated by these defendants. *See* doc. 1-1. The parties settled the underlying suit, and the plaintiffs subsequently filed alleged consent judgments against Cliffs Mining, Oak Grove, and Seneca in state court. Doc. 1-2 at 4-15. After the defendants' insurer, National Union Fire Insurance Company of Pittsburgh, Pa., failed to fully satisfy the alleged consent judgments, the plaintiffs initiated this action in the Circuit Court of Jefferson County, Alabama, seeking direct payment from National Union

---

[1] Seneca was formerly known as Cliffs North American Coal. Doc. 1 at 2, 4.

to satisfy Cliffs Mining's, Oak Grove's, and Seneca's obligations under the alleged judgments. Doc. 1-1.[2]

National Union removed this action to this court on the basis of diversity jurisdiction. Doc. 1.[3] While Cliffs Mining consents to the removal, doc. 1-9 at 2, National Union did not obtain the consent of Oak Grove and Seneca, doc. 1 at 10. National Union asks the court to find that Oak Grove's and Seneca's consent is not required, *id.*, or, alternatively, to realign Oak Grove and Seneca as plaintiffs, *id.* at 13-26; doc. 5. National Union and Cliffs Mining also move for judgment on the pleadings, doc. 20, arguing that the alleged consent judgments do not qualify as final judgments for purposes of Alabama's direct-action statute. The plaintiffs oppose the motion, doc. 23, and move to amend their complaint to clarify that the judgment they obtained against Cliffs Mining, Oak Grove, and Seneca is based on the executed settlement agreements, the state court's order of dismissal, and the alleged consent judgments filed in the state court, doc. 19. For the reasons

---

[2] The plaintiffs named Cliffs Mining, Oak Grove, and Seneca in this action to comply with case law holding that they must name the insureds as defendants in a direct-action suit to recover insurance proceeds from an insurer. *See* docs. 1 at 3; 1-1; 23 at 4, n.5; *see also Chicago Title Ins. Co. v. Am. Guarantee & Liab. Ins. Co.*, 892 So. 3d 369, 371 (Ala. 2004). But, the plaintiffs do not seek any relief from those defendants. Doc. 1 at 7.

[3] Complete diversity exists among the parties because the plaintiffs are all citizens of Alabama; Oak Grove and Seneca are citizens of North, Carolina, and Ohio; Cliffs Mining is a citizen of Delaware and Minnesota; and National Union is a citizen of Pennsylvania and New York. Doc. 1 at 12. In addition, the amount in controversy requirement is met because the plaintiffs seek to collect $900,000 still owed to them under the alleged consent judgments. *Id.* at 11.

explained below, the motion to realign is moot, the motion to amend is due to be denied as futile, and the motion for judgment on the pleadings is due to be granted.

I.  STANDARD OF REVIEW

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001).  In ruling on the motion, the court "must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party." *Id.*  A Rule 12(c) motion for judgment on the pleadings is analyzed under the same standard as that of a Rule 12(b)(6) motion to dismiss. *Griffin v. SunTrust Bank, Inc.*, 157 F. Supp. 3d 1294, 1295 (N.D. Ga. 2015).  As such, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted); *see also Losey v. Warden*, 521 F. App'x 717, 719 (11th Cir. 2013) (applying the *Iqbal* standard to an appeal concerning a Rule 12(c) judgment on the pleadings).  In other words, the plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  Ultimately, this inquiry is a "context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Under Rule 15(a), the court must "freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, a court has discretion to deny a plaintiff leave to amend when the amendment would be futile. *See Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004)).

## II. BRIEF FACTUAL AND PROCEDURAL BACKGOUND

### A. The Underlying Action

The plaintiffs filed suit against Cliffs Mining, Oak Grove, and Seneca in the Circuit Court of Jefferson County, Alabama for injuries they suffered in a tragic accident while working in an underground mine operated by these defendants. Doc. 1-1 at 8. The parties ultimately settled the plaintiffs' claims for $3 million. *Id.* The parties then filed a joint motion for pro tanto dismissal in the state court, asking the court "to enter an Order dismissing with prejudice all of the [p]laintiffs' claims against [those] [d]efendants, on a full and final basis, on the grounds that

these claims have been resolved," doc. 1-5 at 2.[4] The state court granted the motion and issued an order dismissing with prejudice all of the plaintiffs' claims against Cliffs Mining, Oak Grove, and Seneca. Doc. 1-6 at 2.

After Cliffs Mining, Oak Grove, and Seneca failed to make timely payments required under the settlement agreement, the plaintiffs filed alleged consent judgments into the state court record. Docs. 1-2 at 4-15; *see also* doc. 23-1 at 3. Counsel for those defendants and the plaintiffs signed the alleged consent judgments, but the state circuit court judge did not. *See* doc. 1-2 at 4-15. Less than three weeks later, Oak Grove and Seneca filed a Chapter 11 Bankruptcy proceeding in the Bankruptcy Court for the Northern District of Alabama, and filed a suggestion of bankruptcy in the state court. Docs. 1-7; 20-1 at 13. Consistent with the automatic stay imposed by 11 U.S.C. § 362(a), the state court has taken no action on the consent judgments filed by the plaintiffs. *See* docs. 1 at 7; 20-1.

### B.  The Insurance Policy at Issue

National Union issued a commercial general liability insurance policy to Cliffs Natural Resources, Inc., the parent corporation of Cliffs Mining, Oak Grove, and Seneca, which allegedly afforded coverage to those defendants for plaintiffs' claims. Docs. 1-1 at 8-10; 1-2 at 16-18. The policy provides coverage of up to $3

---

[4] The court may consider the filings in the underlying action because they are central to the plaintiffs' proposed amended claims and their authenticity is not in dispute. *See Harris v. Ivax Corp.*, 182 F.3d 789, 802 n.2 (11th Cir. 1999); *Horsley v. Feldt*, 304 F.3d 1125, 1134-35 (11th Cir. 2002); *see also* docs. 19-1 at 6; 23.

million per occurrence, with a $3 million aggregate limit. Doc. 1-1 at 9. After the filing of the alleged consent judgments, the plaintiffs demanded payment from National Union under the policy and pursuant to Alabama Code § 27-23-2 for the amount remaining due under the alleged judgments. Doc. 1-2 at 3. National Union refused to pay.

### III. ANALYSIS

The plaintiffs assert claims under Alabama's direct-action statute, contending that they are entitled to payment under the insurance policy issued by National Union in order to satisfy the alleged consent judgments entered in their favor against Cliffs Mining, Oak Grove, and Seneca. Doc. 1-1. The plaintiffs move for leave to amend their complaint to add allegations clarifying that the final judgment they seek to enforce "arose from the totality of the proceedings in the underlying action," including the executed settlement agreements, the state court's order of dismissal, and the alleged consent judgments filed by the plaintiffs. Doc. 19. National Union and Cliffs Mining contend that the proposed amendment is futile, doc. 22, and they move for judgment on the pleadings, arguing that the plaintiffs' claims fail as a matter of law because the state court has not yet issued a final judgment for purposes of the direct-action statute, doc. 20. The court addresses the parties' respective contentions below, beginning with National Union's unopposed motion to realign.

A.  **National Union's Motion to Realign**

As mentioned above, National Union removed this case without obtaining the consent of Oak Grove and Seneca as required by 28 U.S.C. § 1446(b)(2)(A). Doc. 1 at 10. Nevertheless, National Union contends that the removal is proper because these parties' consent was not required in light of their pending bankruptcy proceedings, doc. 1 at 10, or, alternatively, because the court should realign Oak Grove and Seneca as plaintiffs, *id.* at 13-16; doc. 5.

Oak Grove's and Seneca's Chapter 11 Bankruptcy petitions, doc. 1-7, operate as a stay against "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case . . . , or to recover a claim against the debtor that arose before the commencement of the [bankruptcy] case . . . ." 11 U.S.C. § 362(a)(1). The "automatic stay" is effective immediately upon the filing of the bankruptcy petition, and "'[a]ctions taken in violation of the automatic stay are void and without effect.'" *U.S. v. White*, 466 F.3d 1241, 1244 (11th Cir. 2006) (quoting *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir. 1982)).

Prior to filing their complaint, the plaintiffs asked the Bankruptcy Court for relief from the automatic stay so they could demand payment from National Union

to satisfy the alleged consent judgments against Oak Grove and Seneca and, if necessary, to institute this action. Doc. 1-8. The Bankruptcy Court did not take any action on the motion, *see* doc. 1 at 7, and nothing in the record before this court indicates that the Bankruptcy Court has granted the plaintiffs' request for relief.[5] Thus, the claims asserted against Oak Grove and Seneca violate the automatic stay and are void *ab initio*. *See White*, 466 F.3d at 1244. Consequently, Oak Grove and Seneca are not properly named as defendants in this action, and National Union did not have to obtain their consent prior to removal.[6] As a result, National Union's motion to realign, doc. 5, is moot.

### B. The Plaintiffs' Motion to Amend and National Union and Cliffs Mining's Motion for Judgment on the Pleadings

The plaintiffs assert claims against National Union and Cliffs Mining under Alabama's direct-action statute. This statute provides relief based, based in part, "upon the recovery of a final judgment." Ala. Code § 27-23-2.[7] "The remedy

---

[5] The plaintiffs contend that they filed this action "[a]fter the bankruptcy stay was no longer in effect." Doc. 23 at 4. But, the plaintiffs do not cite anything to support that contention.

[6] *See South Dallas Water Auth. v. Guarantee Co. of North America, USA*, 767 F. Supp. 2d 1284, 1298 (S.D. Ala. 2011) (finding that the citizenship of a non-diverse defendant need not be considered because the claims against that defendant violated the automatic stay and were void).

[7] The full text reads: "Upon the recovery of a final judgment against any person, firm, or corporation by any person . . . for loss or damage on account of bodily injury, or death . . . , if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the

8

provided by [this] section [] can be exercised only after the injured or damaged party has recovered final judgment against the insured . . . ." *Fleming v. Pan American Fire & Cas. Co.*, 495 F.2d 535, 540 (5th Cir. 1974) (citing a previous version of Alabama's direct-action statute). Stated differently, "the clear wording of § 27-23-1[8] and § 27-23-2 [] precludes [a plaintiff] from asserting a direct action against [an insurer] before a final judgment is rendered against [the insured]." *Knox v. Western World Insurance Co.*, 893 So. 2d 321, 324 (Ala. 2004). In other words, the plaintiffs must first establish that a final judgment exists.

National Union and Cliffs Mining contend that they are entitled to a judgment on the pleadings because the plaintiffs' complaint and the purported consent judgments establish that the state court has not yet rendered a final judgment. Doc. 20. In particular, these defendants argue that the state court has not signed or initialed and entered the alleged consent judgments as required by Rule 58 of the Alabama Rules of Civil Procedure. *Id.* at 2. Under that Rule, "[a] judge may render . . . a judgment: (1) by executing a separate written document,

---

judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment." Ala. Code § 27-23-2.

[8] Ala. Code § 27-23-1 states as follows: "As to every contract of insurance made between an insurer and any insured by which such insured is insured against loss or damage on account of the bodily injury or death by accident of any person for which loss or damage such insured is responsible, whenever a loss occurs on account of a casualty covered by such contract of insurance, the liability of the insurer shall become absolute and the payment of the loss shall not depend upon the satisfaction by the insured of a final judgment against him for loss, or damage, or death occasioned by the casualty. No such contract of insurance shall be cancelled or annulled by any agreement between the insurer and the insured after the insured has become responsible for such loss or damage, and any such cancellation or annulment shall be void."

(2) by including the [] judgment in a judicial opinion, (3) by endorsing upon a motion the words 'granted,' 'denied,' 'moot,' or words of similar import, and dating and signing or initialing it, (4) by making or causing to be made a notation in the court records, or (5) by executing and transmitting an electronic document to the electronic-filing system." Ala. R. Civ. P. 58(a). Indeed, the state court judge has not taken any of those actions with respect to the alleged consent judgments. *See* doc. 1-2 at 4-15. Thus, the alleged consent judgments have not been rendered by the state court judge, nor have they been signed or initialed by the judge and entered into the state court record by the court as required by Rule 58. *See* Ala. R. Civ. P. 58(a)-(c). As a result, the alleged consent judgments do not qualify as final judgments issued by the court in the plaintiffs' favor.

The plaintiffs do not seriously dispute that conclusion. *See* doc. 23.[9] Instead, they seek leave to amend their complaint to allege that "[f]or purposes of the direct-action statute, [p]laintiffs obtained and recovered a final judgment and adjudication in the underlying injury action based on the totality of the proceedings in the underlying action, including, but not limited to, the executed settlement/release agreements, the May 3, 2018 Order of Dismissal and the Consent Judgments." Doc. 19-1 at 6; *see also* doc. 23 at 6-8. According to the

---

[9] The plaintiffs contend that the direct-action statute does not require that the court sign or enter the final judgment and that "[a] final judgment under the direct-action statute can be recovered via a settlement agreement that fully and finally adjudicates all of the plaintiff's claims . . . ." Doc. 23 at 5. To the contrary, by using the term "judgment," rather than "settlement" or "agreement," the statute signals a judgment rendered by a court.

10

plaintiffs, the Order of Dismissal "equates to a 'final judgment' for purposes of § 27-23-2." Doc. 23 at 7. The Order of Dismissal is certainly a final order. However, by its terms, it only disposed of the claims against Cliffs Mining, Oak Grove, and Seneca; it does not find those defendants liable to the plaintiffs or contain any determination of the amount of their liability. *See* doc. 1-6 at 2. In other words, the Order of Dismissal contains nothing setting the actual financial obligations of the insureds that National Union could be required to satisfy. Consequently, the Order is not a final judgment the plaintiffs could enforce against National Union under Alabama's direct-action statute.

The plaintiffs try to avoid that conclusion by contending that the court must consider the Order of Dismissal in light of the executed settlement agreements that set the amount of Cliff Mining, Oak Grove, and Seneca's liability to the plaintiffs. *See* doc. 23 at 7-8; *see also* doc. 19. But, the Order does not refer to or incorporate the settlement agreements, doc. 1-6 at 2, nor are the confidential settlement agreements part of the state court record, *see* doc. 20-1. Similarly, the Order does not refer to or expressly contemplate the consent judgments the plaintiffs subsequently filed. *See* doc. 1-6 at 2. Thus, the amount of the settlement agreements cannot be read into the state court's Order of Dismissal.

Finally, the plaintiffs correctly point out that this case is distinguishable from cases National Union and Cliffs Mining cite in support of their motion

because, unlike here, the injured plaintiffs in those cases initiated claims against an insurer while the claims against the insured remained pending.[10] *See* doc. 23 at 8-10. Still, the court is constrained by the clear language of the statute, which requires the "[r]ecovery of a <u>final judgment</u>" before the plaintiffs can maintain an action against an insurer to satisfy the judgment. Ala. Code 1975 § 27-23-2 (emphasis added).

## IV. CONCLUSION

To close, because the state court has not yet entered a judgment fixing the amount due to the plaintiffs by the defendants, "§ 27-23-2 prevents the [plaintiffs] from bringing this action at this time and in this posture." *Brown*, 894 So. 2d 643, 650 (Ala. 2004). As a result, National Union and Cliffs Mining's motion for judgment on the pleadings is due to be granted, and the plaintiffs' motion to amend is due to be denied as futile. This action is due to be dismissed without prejudice to refile after obtaining a final judgment rendered by the state court in the underlying action. A separate order will be entered.

**DONE** the 18th day of February, 2020.

*[signature: Abdul Kallon]*

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

[10] *See State Farm Mutual Automobile Ins. Co. v. Brown*, 894 So. 2d 643, 645 (Ala. 2004); *Knox v. Western World Ins. Co.*, 893 So. 2d 321, 322 (Ala. 2004).